IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

LINDSAY A.,

                              Plaintiff,

              v.                                    Civil Action No.
                                                    5:20-CV-0433 (DEP)

ANDREW SAUL, Commissioner of Social
    Security,
                              Defendant.

_____

APPEARANCES:                          OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM        PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main Street
Endicott, NY 13761-0089

FOR DEFENDANT

SOCIAL SECURITY ADMIN.          CANDACE LAWRENCE, ESQ.
625 JFK Building
15 New Sudbury St
Boston, MA 02203

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

        Currently pending before the court in this action, in which plaintiff

seeks judicial review of an adverse administrative determination by the

Commissioner of Social Security ("Commissioner"), pursuant to 42 U.S.C.

§405(g). are cross-motions for judgment on the pleadings.[1]  Oral argument

was conducted in connection with those motions on May 26, 2021, during

a telephone conference held on the record. At the close of argument, I

issued a bench decision in which, after applying the requisite deferential

review standard, I found that the Commissioner's determination did not

result from the application of proper legal principles and is not supported

by substantial evidence, providing further detail regarding my reasoning

and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench

decision, a transcript of which is attached and incorporated herein by

reference, it is hereby

ORDERED, as follows:

1)     Plaintiff's motion for judgment on the pleadings is GRANTED.

2)     The Commissioner's determination that plaintiff was not

disabled at the relevant times, and thus is not entitled to benefits under the

Social Security Act, is VACATED.

---

[1]     This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

3)    The matter is hereby REMANDED to the Commissioner, without a directed finding of disability, for further proceedings consistent with this determination.

4)    The clerk is respectfully directed to enter judgment, based upon this determination, remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

David E. Peebles
U.S. Magistrate Judge

Dated:    June 1, 2021
            Syracuse, NY

UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------x
LINDSAY A.,

                          Plaintiff,

vs.                                5:20-CV-433

ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
--------------------------------------------x

       Transcript of a **Decision** held during a

Telephone Conference on May 26, 2021, the HONORABLE

DAVID E. PEEBLES, United States Magistrate Judge,

Presiding.

               A P P E A R A N C E S

               (By Telephone)

For Plaintiff:      LACHMAN, GORTON LAW FIRM
                    Attorneys at Law
                    P. O. Box 89,1500 East Main Street
                    Endicott, New York  13761
                      BY:  PETER A. GORTON, ESQ.

For Defendant:      SOCIAL SECURITY ADMINISTRATION
                    Office of General Counsel
                    J.F.K. Federal Building
                    Room 625
                    Boston, Massachusetts  02203
                      BY:  CANDACE LAWRENCE, ESQ.

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1          (The Court and all counsel present by

2     telephone.)

3          THE COURT:  I appreciate both of you and your

4     excellent presentations and have enjoyed working with you on

5     this case.

6          Plaintiff has commenced this action pursuant to 42

7     United States Code Section 405(g) to challenge an adverse

8     determination by the Commissioner of Social Security finding

9     that she was not disabled at the relevant times and therefore

10    ineligible for the benefits she sought.

11         The background is as follows:  Plaintiff was born

12    in June of 1984.  She's currently 37 years of age.  She was

13    31 years old at the alleged onset of her disability in

14    October of 2015.  And I would ask you both to mute your

15    phones, please.  Plaintiff stands five foot, four-and-a-half

16    or five inches in height and weighs between 258 and

17    276 pounds, depending on the point in the record that it

18    appears.  At one point it was noted that she experienced a

19    75-pound weight gain.  Plaintiff is married with three

20    daughters.  In January of 2019, they were ages three years,

21    two years, and four months.  She lives in Port Crane,

22    New York.  Plaintiff has a college degree, master's of

23    psychology.  She is right-handed.  She has a driver's license

24    and drives occasionally.

25         Plaintiff stopped working in or about October of

1    2015 or 2014, again, depending on where in the record you

2    look, it seems more likely that it was 2014, and she stated

3    that it was due to a medical issue.  She suffered a

4    subchorionic hematoma.  Plaintiff's past work includes as a

5    school attendance officer, a substitute teacher, a loan

6    officer for a financial company, and a family services

7    caseworker.  That was her last position.  She was also a

8    server while in college.  She possesses or possessed a

9    teaching assistant license which is now expired.

10           Mentally plaintiff suffers from depression and

11   anxiety in various forms including -- has been diagnosed as

12   general anxiety disorder, panic disorder with the beginnings

13   of agoraphobia, major depressive disorder, and social

14   anxiety.  She also experiences paranoia.  There is a reported

15   suicide attempt at age 30, that appears at page 253 of the

16   administrative transcript, but there are no records

17   concerning that attempt.

18           Plaintiff's primary physician is Dr. Shalini

19   Bichala.  She has also seen a psychologist Dr. Cheryl

20   Scott-Richard in Oakdale Psychology since April of 2015.

21           In terms of medications, plaintiff has in the past

22   been prescribed Paxil, Zoloft, trazodone, citalopram,

23   sertraline, meloxicam, and pantoprazole for a gastric issue,

24   although she was off medications, she testified, while

25   nursing her baby.

1        In terms of activities of daily living, plaintiff
2    is able to dress, bathe, groom, do some cooking, some
3    cleaning, laundry, shop one time per month, care for her
4    three daughters, and watch television.  Plaintiff smokes
5    three to four times per week.
6        Procedurally, plaintiff applied for Title II
7    disability benefits on November 14, 2016, alleging an onset
8    date of October 10, 2015.  In her function report she claims
9    disability based upon persistent depressive disorder, social
10   anxiety disorder, panic disorder, perinatal depression, and
11   psychotic depression.  A hearing was conducted on January 31,
12   2019 by Administrative Law Judge Jude Mulvey to address
13   plaintiff's application for benefits.  On February 20, 2019,
14   ALJ Mulvey issued an adverse determination which became a
15   final determination of the agency on March 2, 2020, when the
16   Social Security Administration Appeals Council denied
17   plaintiff's request for review.  This action was commenced on
18   October 15 -- I'm sorry, April 15, 2020 and it is timely.
19       In her decision, ALJ Mulvey applied the familiar
20   five-step sequential test for determining disability.  She
21   first noted that plaintiff was last insured on December 31,
22   2019.
23       She then proceeded to step one where she found that
24   plaintiff had not engaged in substantial gainful activity
25   since the alleged onset date of October 10, 2015.

1          At step two, she found that plaintiff suffers from
2     severe impairments that impose more than minimal limitations
3     on her ability to perform work-related functions including
4     mental health issues involving anxiety and depression, as
5     well as obesity.
6          At step three, ALJ Mulvey concluded that
7     plaintiff's impairments do not meet or medically equal any of
8     the listed presumptively disabling conditions set forth in
9     the Commissioner's regulations, specifically considering
10    Listings 12.04 and 12.06.
11         ALJ Mulvey next concluded that plaintiff retains
12    the ability to perform a full range of medium work with
13    exceptions, including a physical component and a mental
14    component.  Applying that residual functional capacity,
15    plaintiff, according to ALJ Mulvey, is incapable of
16    performing any of her past relevant work.
17         At step five, where the burden of proof of course
18    shifts to the Commissioner, ALJ Mulvey noted first that if
19    plaintiff could perform a full range of medium work, a
20    finding of no disability would be required by the
21    Medical-Vocational Guidelines set forth in the regulations,
22    and specifically Rule 203.29.  Relying on the testimony of a
23    vocational expert in light of the additional physical and
24    mental impairments noted, limitations noted in the RFC
25    finding, the administrative law judge concluded that

1    plaintiff is capable of performing work that is available in

2    the national economy, representative occupations being retail

3    stocker and linen room attendant, and thus concluded that

4    plaintiff was not disabled or was not disabled at the

5    relevant times.

6            The court's function, as you know, is to determine

7    whether correct legal principles were applied and the

8    resulting determination supported by substantial evidence,

9    being defined as such relevant evidence as a reasonable mind

10   would accept as sufficient to support a finding or

11   conclusion.  It is a highly deferential standard.

12           The plaintiff raises four essential arguments, some

13   of which are interrelated.

14           The first relates to the consideration of the

15   treating source opinion of Dr. Scott-Richard and subsumed

16   within that is the contention that the ALJ arbitrarily

17   substituted her judgment for undisputed records without an

18   overwhelmingly convincing basis and that the residual

19   functional capacity was crafted by the ALJ from their medical

20   records.

21           The second argument is that there's no support for

22   the distinction in the RFC finding that plaintiff can have

23   occasional interaction with supervisors and coworkers but

24   none with respect to the public.

25           The third is that because the residual functional

1    capacity is not supported, the step five determination is

2    also flawed.

3            And the fourth is that the administrative law judge

4    should have at least considered a closed period.

5            Dr. Scott-Richard of course qualifies as a treating

6    source.  This case is being addressed under the regulations

7    which applied prior to March of 2017.  As a treating source,

8    Dr. Scott-Richard's opinions were entitled to controlling

9    weight provided that those opinions were supported by

10   medically acceptable clinical and laboratory diagnostic

11   techniques, and the opinions are not inconsistent with other

12   substantial evidence.

13           The opinions of a treating source are not

14   controlling if they are contrary to other substantial

15   evidence in the record, including the opinions of other

16   medical experts.  Where there's conflicts in the form of

17   contradictory medical evidence, the resolution is properly

18   entrusted to the Commissioner.  The ALJ, when considering a

19   medical opinion and deciding whether controlling weight

20   should be given to a treating source's opinion, must apply

21   several factors which we refer to in this circuit as *Burgess*

22   factors to determine whether controlling weight should be

23   given, and if not, what, if any, weight should be assigned to

24   the opinion of a treating source.  Those are listed in 20

25   C.F.R. Section 404.1527.  When the ALJ repudiates a treating

1   source opinion, good reasons must be provided for the

2   rejection.  The Second Circuit of course has noted that when

3   there is no rote consideration of *Burgess* factors, the court

4   can make a searching review of the record and can determine

5   that the treating source rule was not violated.  *Estrella v.*

6   *Berryhill*, 925 F.3d 90 from May 29, 2019.

7           In this case, Dr. Scott-Richard was a treating

8   source, saw the plaintiff 31 times between 2015 when

9   treatment began through November 13, 2018.  Dr. Scott-Richard

10  is a specialist.  The doctor provided a medical source

11  statement on December 7, 2018 that appears at 297 and 298 of

12  the administrative transcript and it notes marked limitations

13  in virtually every area noted except between marked and

14  extreme in area of ability to respond appropriately to

15  ordinary stressors in a work setting with simple tasks.  It

16  also opines that plaintiff would be off task more than

17  20 percent of the time and absent three or more days per

18  month.  The opinion was mentioned at page 19, although in

19  that mention, that was during the step three analysis, she's

20  referred to only as a psychologist and not by name.  She is

21  referred to by name as the Commissioner rightly argued later

22  on in the opinion, including at page 21 and 22.  And then her

23  opinion is summarily given only partial weight, stating that

24  the limitations identified are not supported by psychiatric

25  treatment records.

1          I guess I would have to say there's no explicit

2     consideration of the *Burgess* factors as we find in many of

3     these decisions.  I'm not sure that it is accurate to say

4     that the treatment notes don't support the finding.  The

5     administrative law judge, when making that kind of a

6     determination, must set forth rationale and explain it

7     sufficiently to permit meaningful judicial review.  As the

8     plaintiff has argued, Second Circuit noted as much in *Ferraro*

9     *v. Saul*, 806 F.App'x 13, Second Circuit summary order from

10    March 12, 2020, and *Byrne v. Berryhill*, 752 F.App'x 96, a

11    memorandum opinion from February 8, 2019.  It is also noted

12    in *Drake v. Saul*, 839 F.App'x 584 from December 11, 2020.

13         I believe Judge Mulvey should have made a more

14    fulsome analysis and when she said that the treatment records

15    didn't support it, she should have put forth a more fulsome

16    explanation.  Obviously a lot of what was reported to

17    Dr. Scott-Richard was based on plaintiff's subjective

18    statements, but of course in a mental health case, very often

19    those statements, as well as the interpretation of those

20    statements, is critical.  I also note that many of the

21    treatment records that I reviewed show that plaintiff was

22    depressed, anxious, page 248, clearly in distress, tearful,

23    has a depressed affect, several of them.  So I believe the

24    treating source rule was violated.

25         The bigger issue, as plaintiff's counsel has

1    argued, is on the issue of absenteeism and off task.

2    Dr. Scott-Richard, the treating source, identified extreme

3    limitations that are work preclusive.  Dr. Moore, the

4    consultative examiner who issued an opinion that appears at

5    256 through 262 of the administrative transcript, January 19,

6    2017, found that marked limitation in the ability to maintain

7    a regular work schedule.  The only opinion, other opinion to

8    somewhat indirectly address the issue is from Dr. E. Kamin,

9    January 26, 2017.  In his worksheet, he found a moderate

10   limitation in the ability to complete a normal workday and

11   workweek without interruptions from psychologically-based

12   symptoms and to perform at a consistent pace without an

13   unreasonable number and length of rest periods.  That appears

14   at 96 of the administrative transcript.

15          Unfortunately, although the mental residual

16   functional capacity is supposed to elaborate and describe the

17   extent of that moderate limitation, it is not done and in

18   fact there's no statement in the -- that I could find in the

19   mental residual functional capacity that plaintiff is capable

20   of performing simple work on a regular basis.  So I believe

21   that the finding that plaintiff is -- the residual functional

22   capacity finding, which does not include any limitation

23   related to schedule and off task, is flawed and therefore the

24   step five determination which hinges on the residual

25   functional capacity finding is also flawed.

1           So I will grant judgment on the pleadings to the

2    plaintiff.  I don't find persuasive evidence of disability, I

3    think this is a matter that should be remanded for further

4    consideration by this or another administrative law judge.

5    Thank you both for excellent presentations, I hope you have a

6    good afternoon.

7           MR. GORTON:  Thank you, your Honor.

8           MS. LAWRENCE:  Thank you.

9                (Proceedings Adjourned, 2:34 p.m.)

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                       CERTIFICATE OF OFFICIAL REPORTER

3

4

5          I, JODI L. HIBBARD, RPR, CRR, CSR, Federal

6     Official Realtime Court Reporter, in and for the

7     United States District Court for the Northern

8     District of New York, DO HEREBY CERTIFY that

9     pursuant to Section 753, Title 28, United States

10    Code, that the foregoing is a true and correct

11    transcript of the stenographically reported

12    proceedings held in the above-entitled matter and

13    that the transcript page format is in conformance

14    with the regulations of the Judicial Conference of

15    the United States.

16

17                       Dated this 27th day of May, 2021.

18

19

20                       /S/ JODI L. HIBBARD

21                       JODI L. HIBBARD, RPR, CRR, CSR
                         Official U.S. Court Reporter
22

23

24

25